Tames; income tax; personal holding company; royalties; necessity for filing administrative claim for refwnd.. — On February 28,1975 the court issued the following order:
Before cowen, Chief Judge, kashiwa and bennett, Judges.
“This is a tax case in which the plaintiff claims a refund on the ground that it was not a personal holding company during the years in suit and was not subject to the taxes which defendant collected on income defendant determined was holding company income under Sections 541-543 of the Internal Bevenue Code of 1954. Plaintiff is an Alabama corporation. During the years in suit, fiscal years ending September 30,1965 through September 30,1969, all of plaintiff’s outstanding stock was held by two shareholders, the W. A. Bellingrath Trust and the Estate of Mary E. Belling-rath. These two shareholders and the income beneficiaries of the trust were the partners in two separate partnerships named the Coca-Cola Bottling Company of Montgomery and the Coca-Cola Bottling Company of Andalusia. The suit involves the financial transactions occurring between plaintiff and the two partnerships. For the years in question, plaintiff had entered into lease agreements and sub-bottler’s *865 contracts with the partnerships by which it leased its land, buildings, machinery and fixtures to the partnerships and transferred to the partnerships, among other things, its rights to bottle and sell Coca-Cola for a period of ten years and three months.
“The case comes before the court on the parties’ cross-motions for summary judgment. Upon consideration of the motions, the briefs, and oral argument of counsel, the court concludes:
“(1) The legislative background of section 543(a) (6) and its predecessor sections show that the phrase “compensation . . . for the use of, or the right to use” as it is employed in the first sentence of section 543(a) (6) was only intended to apply to amounts received by the corporation as rental income. See S. Rep. No. 1622, 83d Cong., 2d Sess. 74, 319 (1954); H. Rep. No. 1337, 83d Cong., 2d Sess. 55-56 (1954); S. Rep. No. 2375, 81st Cong., 2d Sess. 65 (1950); H. Rep. No. 1546, 75th Cong., 1st Sess. 6 (1937); H. Doc. No. 337, 75th Cong., 1st Sess. 12 (1937). See also Medical-Surgical Group, Inc. v. Commissioner, 33 T.C. 888, 894 (1960) (dealing with section 502 (f) of the 1939 Code). The first sentence of section 543(a) (6) does not include royalty income, and there is no indication that Congress intended royalties to be treated as rents in this instance.
“ (2) Eoyalties are classified as a type of personal holding company income under section 543(a)(1). The regulations further define ‘royalties’ to include amounts received for the ‘privilege of using patents, copyrights, secret processes and formulas, good will, trade marks, trade brands, franchises, and other like property.’ Treas. Eeg. § 1.543-1 (b) (3). To the extent that the payments made under the sub-bottler’s com tracts and leases in issue are royalty payments within the meaning of section 543(a)(1) and Treasury Eegulation § 1.543-1 (b) (3), they constitute personal holding company income for the purpose of the ten percent test provided for in the second sentence of section 543 (a)(6).
“ (3) The claim that plaintiff and the partnerships engaged in a joint venture was not sufficiently set forth in the petition or in the claims for refund. Consequently, plaintiff is *866 barred from recovery on this issue. Int. Eev. Code of 1954, § 7422(a); Commercial Solvents Corp. v. United States, 192 Ct. Cl. 339, 427 F. 2d 749, cert. denied, 400 U.S. 943 (1970); Union Pacific R.R. v. United States, 182 Ct. Cl. 103, 389 F. 2d 437 (1968).
“(4) The total amount received by the corporation under the sub-bottler’s contracts did not constitute rent as a result of the fact that the sub-bottler’s contracts were incorporated by reference into the lease agreements. It is the nature of the payments, not the label or designation, that controls. See, e.g., Irving Berlin Music Corp. v. United States, 203 Ct. Cl. 1, 17-18, 487 F. 2d 540, 549-50 (1973), cert. denied, 419 U.S. 832 (1974). It is apparent that some part of the gallonage payments made under the sub-bottler’s contracts was in exchange for plaintiff’s franchise rights. The amount allocable to the franchise right is a question of fact. The parties agreed prior to trial to postpone resolution of this factual question until the case could be presented on the legal issues raised in the motions for summary judgment. It is necessary to remand the case for a trial on this issue, because the question cannot be decided on the documents currently before us.
“it is therefore ordered that plaintiff’s motion for summary judgment is denied and defendant’s cross-motion for summary judgment is granted to the extent set out in this order; and
“it is further ordered that this case is hereby remanded to the trial judge for his determination and recommended decision, including his findings of fact, on the issue as to whether in view of the provisions of the Term Sub-Bottler’s Bottle Contracts and the Lease Agreements and all other pertinent facts, the amount of gallonage payments that are properly allocable or attributable to the use of plaintiff’s franchise was five cents per gallon or twenty cents per gallon; and whether the total allocable amount of such payments was less than ten percent of plaintiff’s ordinary gross income during each of the years in suit.”
Defendant’s motion for rehearing and suggestion for rehearing en ~banc was denied April 25, 1975.